HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MENTHER IBRAHEEM MUHAMD,

  Petitioner,

  v.

ICE FIELD OFFICE DIRECTOR,

  Respondent.

Case No. 2:20-cv-00605-RAJ

ORDER

  The facts underlying this matter are detailed in the Report and Recommendation ("Report") of the Honorable Michelle L. Peterson, United States Magistrate Judge, and will not be repeated here. Dkt. # 8.

  Petitioner Menther Ibraheem Muhamd seeks either release from immigration detention or a bond hearing. Dkt. # 1. He argues that he is no longer subject to mandatory detention under 8 U.S.C. § 1226(c), but rather discretionary detention under 8 U.S.C. § 1226(a). Dkt. # 1 at 3-5. He says that the shift in detention status occurred when he filed his petition for review with the Ninth Circuit and obtained a stay of removal. *Id.* Having reviewed Mr. Muhamd's petition, the magistrate determined that Mr. Muhamd's detention is governed by 8 U.S.C. § 1226(c) and that he is therefore subject to mandatory detention until his removal proceedings have concluded. Dkt. # 8 at

ORDER – 1

12. That said, the magistrate reasoned that due process requires that Mr. Muhamd be afforded a bond hearing. *Id.* at 12.

After the magistrate issued her report, however, the Ninth Circuit ruled on Mr. Muhamd's petition for review. Dkt. # 10-1. It denied both his petition and his motion for a stay of removal. *Id.* at 5. Because the Ninth Circuit has denied the stay of removal, Mr. Muhamd's detention is now governed not by § 1226(c), not by § 1226(a), but by the mandatory 90-day detention set forth in § 1231(a)(2). Section 1231(a)(2) maintains that "the Attorney General shall detain the alien," and "[u]nder no circumstance during the removal period shall the Attorney General release [an alien inadmissible for providing material support for terrorism]." 8 U.S.C. § 1231(a)(2). And, as Respondent observes, Mr. Muhamd's current detention under section 1231(a)(2) is certainly constitutional. *See Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Thus, Mr. Muhamd's habeas petition—which solely addresses § 1226(c) and § 1226(a)—is now moot. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12. "A federal court lacks [subject-matter] jurisdiction to hear a case that is moot," that is a case in which no live controversy exists and the plaintiff can no longer obtain relief for his claim. *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1155 (9th Cir. 2017). Because Mr. Muhamd's petition is now moot, the Court no longer has subject-matter jurisdiction and must dismiss this action *sua sponte*.

For the reasons stated above, the Court finds and **ORDERS**:

(1) The Court **DECLINES** to adopt the Report and Recommendation (#8);

(2) Respondent's Return Memorandum and Motion to Dismiss (Dkt. # 5) is **DENIED**;

(3) Petitioner's habeas petition (Dkt. # 1) is **DENIED**;

(4) This action is **DISMISSED without prejudice**; and

///

ORDER – 2

(5) The Clerk is directed to send copies of this Order to the parties and to Judge Peterson.

DATED this 28th day of October, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3